**In re CRAVEY & ASSOCIATIONS, INC., Debtor.**

**Terry E. SMITH, Trustee, Plaintiff,**

v.

**BARNETT BANK OF PINELLAS COUNTY, Defendant.**

Bankruptcy No. 88–5318–8P7.
Adv. No. 89–272.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 19, 1989.

Stephen Meininger, Tampa, Fla., for plaintiff.

John Curtis Hucks, St. Petersburg, Fla., for defendant.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for consideration at a duly scheduled hearing upon a Motion for Summary Judgment filed by Terry E. Smith, the Trustee in the above-captioned Chapter 7 case. The Trustee's Complaint seeks to set aside a prepetition setoff by Barnett Bank of Pinellas County, N.A. (Barnett), in the amount of $14,934.49. The Trustee contends that there are no material issues of fact or law and that this matter may be decided as a matter of law in his favor. The undisputed facts which are relevant to the disposition of this cause are as follows:

On March 18, 1988, the Debtor executed a commercial promissory note payable to Barnett in the amount of $15,000.00. The language of the promissory note purports to give Barnett a security interest in any checking accounts maintained by the Debtor with Barnett. On August 31, 1988, Barnett declared that the Debtor was in default under the terms of its promissory note and set off $14,934.49 which was the balance in the Debtor's checking account.

On September 9, 1988, the Debtor filed its Chapter 7 Petition. At the ninety days before the filing of the Petition, the Debtor's bank account showed a balance of $2,916.67. At all relevant times, the balance owed on the note was $15,000.00. The Trustee contends that Barnett's prepetition setoff during the 90 days before bankruptcy was an improvement of position by $12,017.82 over what Barnett could have accomplished by exercising its setoff rights on the 90th day before the bankruptcy filing, and, therefore, the prepetition setoff may be set aside pursuant to § 553 of the Bankruptcy Code.

Barnett contends that it was granted a specific and express security interest in any funds or assets of the Debtor held on deposit by Barnett, and that it had the right to setoff against such funds pursuant to the language of the promissory note. The bank claims its security interest on the funds held in the checking account by virtue of the language of the promissory note which indicates that the Debtor gives the Bank "a security interest in any funds or other assets from time to time on deposit with, or in possession of, the payee, and the payee may, at any time, set off the indebtedness evidenced by this note against such funds or other assets."

■ Since Article 9 of the Uniform Commercial Code excludes security interests in bank accounts, one must refer to the common law to determine whether such an interest can be recognized. Section 679.104, et seq., *Fla.Stat.* A bank account is an intangible right of the depositor to receive payment from the bank, a chose in action. It is generally true that to create a perfected security interest in such an intangible, it must be "pledged", assuming that it is capable of being "pledged". The funds held in a checking account are regarded as property of the bank on which the depositor merely has a claim. But it is not possible for the bank to be the pledgee of its own property. 10 Am.Jur., Banks, § 666 (1963); Murray, *Banks v. Creditors of their Customers: Setoffs against Customers' Accounts*, 82 Com.L.J. 449 (1977). Thus, it is evident that one could have a security interest on property owned by the party claiming the security interest. It is axiomatic that in such event there is complete merger of interest once the ownership interest subsumed a security interest in the identical property.

■ Barnett urges, however, that § 553 of the Bankruptcy Code does not apply to the subject transaction in that Barnett was merely exercising its right to perfect its security interest in funds held on deposit. Assuming, arguendo, that Barnett perfected its security interest by setting off against the funds held in the checking account, such perfection of a previously unperfected security interest, was, as a matter of law, a transfer for the benefit of Barnett on account of an antecedent debt. Since the setoff by Barnett occurred during the 90 days preceding of the date of the time of the filing of the Petition, the Debtor was presumed to be insolvent at the time of the transfer. It is undisputed that this setoff enabled Barnett to receive more than it would have received under a Chapter 7 liquidation if the transfer had not been made. Thus, if the Bank perfected its security interest by setting off against the account of the Debtor, such perfection constituted an avoidable preferential transfer. Thus, since all material facts are without dispute, and this Court is satisfied that the setoff by Barnett of the balance on hand in the Debtor's checking account, the Trustee's Motion is well taken and should be granted and it is clear that the Trustee is entitled to summary judgment.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary

Judgment filed by the Trustee be, and the same is hereby, granted.

A separate Final Judgment will be entered in accordance with the foregoing.